IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID RASHEED ALI | § | |
| v. | § | CIVIL ACTION NO. 6:11cv32 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner David Ali, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ali was convicted of the disciplinary offense of refusing to submit to a strip search, receiving as punishment 30 days loss of good time, reduction in classification status, and 45 days of cell and commissary restriction. He acknowledged that he was not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge said that the primary issue in the case concerned whether or not Ali had stated the denial of a constitutionally protected liberty interest, and concluded that he had not, pursuant to Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). The Magistrate Judge stated that the punishments of reduction of classification status and cell and commissary restrictions did not impose atypical or significant hardships upon an inmate in relation to the ordinary incidents of prison life, and so did not implicate any constitutionally protected liberty interests. While the loss of good time could inflict such a punishment under certain conditions, the

1

Magistrate Judge said, such conditions exist when the inmate is eligible for release on mandatory supervision. Where the inmate is not eligible, as in Ali's case, the Magistrate Judge said that the loss of good time serves only to affect his possible release on parole, in which no constitutionally protected liberty interest exists. In addition, the Magistrate Judge said, the timing of Ali's release is too speculative to give rise to a constitutionally protected liberty interest. Because no violation of such a liberty interest took place, the Magistrate Judge recommended that the petition be denied.

Ali filed objections to the Report of the Magistrate Judge on February 15, 2011. In his objections, Ali first cites Teague v. Quarterman, 482 F.3d 769 (5th Cir. 2007) as saying that it is unfair to afford one inmate due process but not another and that inmates must be afforded due process before being deprived of good time credits. However, the petitioner in Teague was eligible for mandatory supervision, and the Fifth Circuit's discussion of his claim is based upon that fact. This is made evident in the Fifth Circuit's statement that "here, Teague's petition is premised on the claim that the Texas mandatory supervision scheme provides him with a protected liberty interest in his previously earned good time credits, so that Texas may not deprive him of such credits without first affording him the requisite due process." Teague, 482 F.3d at 773. The issues in Teague revolved around whether a protected liberty interest existed in mandatory supervision under the post-September 1996 version of the statute, to which the Fifth Circuit concluded that it did, and whether a taking of 30 days of good time credits from an inmate who was eligible for release on mandatory supervision could be considered *de minimis*, to which the Fifth Circuit said that it could not. Neither of these holdings offers any assistance to Ali, because he is not eligible for release on mandatory supervision and thus has not shown the infringement of a constitutionally protected liberty interest. His citation to Teague is thus unavailing.

Next, Ali cites a Ninth Circuit case called Burnsworth v. Gunderson, 179 F.3D 771, 775 (9th Cir. 1999) as holding that if an inmate is found guilty in a disciplinary case where no evidence exists to support the finding, that inmate's due process rights were violated even where he has demonstrated no cognizable liberty interest. No cases from the Fifth Circuit have made such a

holding; on the contrary, the Fifth Circuit has routinely rejected challenges to disciplinary cases based on Sandin, where no liberty interest was shown, even where the petitioner alleges that no evidence supports the disciplinary finding. *See, e.g.*, Moreno v. Bunton, 193 F.3d 518, 1999 WL 706246 (5th Cir., August 24, 1999); Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir.2000). In Lee v. Karriker, civil action no. 6:08cv328, 2009 WL 2590093 (E.D.Tex., August 17, 2009, *aff'd* 2010 WL 2546122 (5th Cir., Jun 24, 2010), this Court stated that "the Ninth Circuit's reasoning in Burnsworth differs from applicable Fifth Circuit precedent," citing Malchi and Johnson v. Rodriguez, 110 F.3d 299, 308-10 (5th Cir.1997). Because this Court, the Eastern District of Texas, is bound by the precedents of the Fifth Circuit, the contrary reasoning of the Ninth Circuit carries little weight. Ali's objection on this point is without merit.

Finally, Ali points to three other cases, California v. Green, 399 U.S. 149 (1970) (Harlan, J., concurring), Thompson v. City of Louisville, 362 U.S. 199 (1960), and Gibbs v. King, 779 F.2d 1040, 1045 (5th Cir. 1986). Green and Thompson involved criminal prosecutions rather than prison disciplinary proceedings, and so are not applicable to Ali's case. While Gibbs does involve a prison disciplinary case, it pre-dates Sandin, and thus relied on the "state-created liberty interest" analysis which Sandin repudiated. As such, Gibbs' holding in this regard is no longer good law. Ali's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 4) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner David Ali is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 2nd day of March, 2011.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE